BERMAN & SAVAGE, P.C.
E. Scott Savage (2865)
Casey K. McGarvey (4882)
170 South Main Street. Suite 500
Salt Lake City, Utah 84101
Telephone: (801) 328-2200

FILED
U.S. DISTRICT COURT

2007 JUN 22 P 3: 28

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

Attorneys for Plaintiff, EdiZONE, LC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> JANSPORT, INC., a Delaware corporation, V.F. CORPORATION, a Pennsylvania corporation, dba JANSPORT, V.F. OUTDOOR, INC., a Delaware Corporation, dba JANSPORT, and RECREATIONAL EQUIPMENT, INC., a Washington Corporation, dba REI, and DOES 1 - 50, <br><br> Defendants. | COMPLAINT <br> AND JURY DEMAND <br><br> Case: 2:07cv00415 <br> Assigned To : Cassell, Paul G. <br> Assign. Date : 6/22/2007 <br> Description: EdiZone v. JanSport et al |

EdiZONE, LC, plaintiff, hereby alleges and claims against defendants, JanSport, Inc., V.F. Corporation dba JanSport, and V.F. Outdoor, Inc. dba JanSport (collectively referred to herein as "JanSport") and defendant Recreational Equipment, Inc. dba REI, and Does 1 - 50 (collectively with REI the "Retailer Defendants"), as follows:

**PARTIES**

1. Plaintiff, EdiZONE, LC, is a Utah limited liability company with its principle place of business in Alpine, Utah. Plaintiff is the purchaser and assignee of some of the assets of

TekSource, LC, including its patents, license agreements and other intellectual property.

2. On information and belief, defendant JanSport, Inc. is a Division and/or brand of defendant V.F. Outdoor, Inc. JanSport, Inc. has its principle place of business in California.

3. On information and belief, defendant V.F. Corporation is a Pennsylvania corporation with its principal place of business in North Carolina. On information and belief, V.F. Corporation is the owner of the registered brand name JanSport and/or does business as JanSport.

4. On information and belief, defendant V.F. Outdoor, Inc. is a wholly owned subsidiary of defendant V.F. Corporation and is a Delaware corporation. On information and belief, V.F. Outdoor, Inc. directly manages the JanSport brand, which is owned by V.F. Corporation, and also controls and manages defendant JanSport, Inc.

5. On information and belief, JanSport sells backpacks and waist packs in the State of Utah and elsewhere through the Retailer Defendants.

6. On information and belief, defendant Recreational Equipment, Inc. is a Washington corporation with a principal place of business in Kent, Washington. On information and belief, Recreational Equipment, Inc. does business as REI. REI sells JanSport's backpacks and/or waist packs in the State of Utah and elsewhere through its retail stores.

7. On information and belief, DOES 1 - 50 are companies or individuals who also sell JanSport's backpacks and/or waist packs in the State of Utah and elsewhere through their retail stores.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over defendants who through the sales of

products in Utah are subject to personal jurisdiction in the courts of Utah.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, inasmuch as, upon information and belief, there is diversity of citizenship and well in excess of $75,000 at issue.

10. Jurisdiction and venue also are founded on 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1338, 1391 and 1400(b).

## GENERAL ALLEGATIONS

11. TekSource, LC exerted and spent considerable time and money compiling, developing and inventing intellectual property, including various types of elastomeric gels and cushioning structures, which it assigned and transferred to plaintiff.

12. On or about December 9, 1998, TekSource, LC and JanSport entered into a "License Agreement for Backpack and Waist Pack Cushions Made From Gelastic™ GellyComb™" (" License Agreement"). A true and correct copy of the License Agreement is attached hereto as **Exhibit A**, and hereby incorporated herein. TekSource, LC's rights and interests under this License Agreement also were transferred to plaintiff along with all the intellectual property that is the subject of the License Agreement.

13. The "Technology Rights" therein licensed to JanSport included Gelastic® and GellyComb® technology related to a particular elastomer gel and cushioning structure owned by plaintiff.

14. This Gelastic® and GellyComb® technology included "trade secrets" as defined in Utah Code Ann. § 13-21-1 et.seq.

15. This Gelastic® and GellyComb® technology also included "know how" related

to manufacturing, production and commercialization of Gelastic® and GellyComb®.

16.     This Gelastic® and GellyComb® technology also included "patent rights" that protect or may protect part of the Gelastic® and GellyComb® technology.

17.     Upon obtaining a license of these Technology Rights to make, use and sell backpack and waist pack products with components which embody or are made using Gelastic® and/or GellyComb® technology, defendants began to commercialize plaintiff's technology in this limited field of use.

18.     In accordance with the License Agreement, JanSport paid royalties to plaintiff on licensed products it sold. For example, in 2004, JanSport paid plaintiff $234,956.00 in royalties. In 2005, JanSport paid to plaintiff $280,814.75 in royalties.

19.     However, on October 6, 2005, JanSport provided to plaintiff a notice of purported termination of the December 9, 1998 License Agreement. The notice of termination stated, "we have identified alternative technology for our applications and will no longer be using the Technology Rights . . . or any other rights under the Agreement beginning October 6, 2005." A true and correct copy of this notice is attached hereto as **Exhibit B**, and hereby incorporated herein.

20.     The License Agreement survives the termination of the license and has express terms governing the parties' actions after termination of the license.

21.     The License Agreement requires the licensee to give the licensor six (6) months prior written notice of termination of the license and termination is not effective until six (6) months after the notice of termination, or in this case until April 6, 2006, regardless of whether there are any sales of product using plaintiff's technologies. In this regard, the License

Agreement also requires the licensee to pay "Minimum Royalties" until the effective date of termination.

22. Upon termination of the license to make, use and sell licensed product using plaintiff's technology, the License Agreement provides that JanSport "shall immediately cease making, using and selling" such products.

23. On January 30, 2005, and despite its statement that it would no longer use the licensed Technology Rights, JanSport representatives were observed at the Outdoor Retailer Show in Salt Lake City exhibiting products using plaintiff's technology. In fact, JanSport representatives admitted that the alternative cushion technology it was using was an elastomer gel in a GellyComb® structure, but stated that the gel simply had different ingredients.

24. Upon plaintiff's request, JanSport sent a sample of its gel cushioning product to plaintiff, which was received on February 8, 2006, and plaintiff confirmed that JanSport's product continues to use plaintiff's technology.

25. On February 9, 2006, plaintiff informed JanSport that its products were encompassed by plaintiff's patents covering aspects of plaintiff's technology, and as such JanSport's products would infringe those patents if produced and sold after April 6, 2006 – the effective date of the termination.

26. Upon the effective date of the termination of JanSport's license to make, use or sell licensed product using plaintiff's technology, plaintiff inquired of JanSport whether it desired to continue to make, use and sell the gel cushion, in which case a new license would need to be entered into in order for JanSport to avoid patent infringement.

27. JanSport did not enter into a new license with plaintiff.

28. To this day, JanSport has continued to make, use and sell backpacks and waist packs with what it calls AirLift™ as the cushion in the straps. JanSport admits in its website that AirLift™ is made with flexible "elastomer material." A true and correct copy of this web page is attached hereto as **Exhibit C**, and hereby incorporated herein. Plaintiff has again recently examined the gel cushioning component in JanSport's Air Juice backpack, that has AirLift™ shoulder straps, and confirmed that it is an elastomer gel in a structure that is encompassed by the Technology Rights formerly licensed to JanSport.

29. To this date, JanSport has refused to obtain a new license and it is not entitled to use plaintiff's intellectual property.

### FIRST CLAIM FOR RELIEF
### (Breach of License Agreement against JanSport)

30. Plaintiff incorporates here its allegations 1 through 29 above.

31. The License Agreement is an existing enforceable contract under which the parties for years have conducted themselves in accordance with the obligations, terms and conditions stated therein.

32. Plaintiff has complied with its obligations to allow JanSport the limited use of plaintiff's intellectual property described therein as the Technology Rights.

33. The License Agreement provides that the Technology Rights are owned by plaintiff.

34. JanSport, and/or its controlling entities, has breached the License Agreement by not ceasing to make, use and sell products using plaintiff's technology after the effective date of the termination of the license.

35. In addition to terminating the license granted under the License Agreement but not ceasing its conduct of making, using and selling product using plaintiff's technology, JanSport has been continuously using plaintiff's technology without paying for the right to do so.

36. Plaintiff is entitled to recover from JanSport its monetary damages in an amount not less than the amount of royalties JanSport would have had to pay under the License Agreement for product sold using plaintiff's technology.

37. Plaintiff is entitled to recover from JanSport, in accordance with the terms of the License Agreement, interest on its monetary damages from the date such royalties would have been due under the License Agreement until paid at the rate of eighteen percent (18%) annually, compounded monthly.

38. Plaintiff is entitled to recover from JanSport, in accordance with the terms of the License Agreement, any and all costs, including attorneys' fees, incurred in obtaining a judgment against JanSport.

39. Plaintiff is entitled to an injunction against JanSport preventing it from selling any backpacks and waist packs with components made using any aspect of the formerly licensed Technology Rights, including JanSport's products utilizing AirLift™.

### SECOND CLAIM FOR RELIEF
### (Breach of Conduct of Good Faith And Fair Dealing Against JanSport)

40. Plaintiff incorporates here its allegations 1 through 39 above.

41. The License Agreement is an existing enforceable contract intended to govern the conditions upon which plaintiff will be compensated for JanSport's limited right to commercialize the subject Technology Rights granted by plaintiff to JanSport.

42. JanSport in fact had received and commercialized for many years the Technology Rights granted to it by plaintiff.

43. JanSport was obligated not to destroy nor injure plaintiff's right to receive compensation from the commercialization of the subject Technology Rights.

44. JanSport's conduct is inconsistent with the agreed purpose of the License Agreement and plaintiff's justified expectations.

45. JanSport's actions constitute a breach of JanSport's obligation of good faith and fair dealing to plaintiff under the License Agreement.

46. Plaintiff is entitled to the same damages from JanSport and injunctive relief alleged above.

### THIRD CLAIM FOR RELIEF
### (Misappropriation of Trade Secrets Against JanSport)

47. Plaintiff incorporates here its allegations 1 through 46 above.

48. The Technology Rights provided by plaintiff to JanSport under the subject License Agreement contain trade secrets, in that they derive independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use.

49. The trade secrets provided under the License Agreement have been and are the subject of efforts by plaintiff that were and are reasonable under the circumstances to maintain their secrecy.

50. JanSport received these trade secrets under the License Agreement wherein JanSport agreed to maintain their confidentiality and to not use them except as allowed under the

License Agreement.

51.     JanSport misappropriated and continues to misappropriate plaintiff's trade secrets by using them without consent, when JanSport at the time of use knew or had reason to know it had no right to their use.

52.     Plaintiff is entitled to the same damages from JanSport and injunctive relief alleged above, together with JanSport's unjust enrichment caused by its misappropriation above plaintiff's actual loss, in accordance with Utah Code Ann. § 13-24-4(1).

53.     JanSport's acts were willful, malicious and/or in bad faith, and as a result plaintiff may also recover an award of exemplary damages, pursuant to Utah Code Ann. § 13-24-4 (2), in an amount twice any award made for misappropriation of plaintiff's trade secrets, as well as attorneys' fees, pursuant to Utah Code Ann.§ 13-24-5.

### FOURTH CLAIM FOR RELIEF
### (Conversion Against JanSport)

54.     Plaintiff incorporates here its allegations 1 through 53 above.

55.     JanSport has interfered and is interfering with property belonging to plaintiff including the intellectual property that is the subject of the formerly licensed Technology Rights under the subject License Agreement.

56.     JanSport's interference was and is without lawful justification, and deprived and deprives plaintiff of the exclusive use, possession and/or control of its intellectual property.

57.     Plaintiff is entitled to the same damages from JanSport and injunctive relief alleged above, and punitive damages for JanSport's willful, malicious, intentional, reckless and/or indifferent conduct, pursuant to Utah Code Ann. § 78-18-1(1)(a).

## FIFTH CLAIM FOR RELIEF
### (Patent Infringement Against All Defendants

58. Plaintiff incorporates here its allegations 1 through 57 above.

59. The License Agreement included rights to any issued patent pertaining to the Gelastic® and GellyComb® technology.

60. On May 12, 1998, U.S. Patent No. 5,749,111 ("'111") issued to TekSource, LC and thereafter was assigned to plaintiff. A true and correct copy of the '111 patent is attached hereto as **Exhibit D**, and hereby incorporated herein.

61. On November 20, 1999, U.S. Patent No. 5,994,450 ("'450") issued to TekSource, LC and thereafter was assigned to plaintiff. A true and correct copy of the '450 patent is attached hereto as **Exhibit E,** and hereby incorporated herein.

62. On February 22, 2000, U.S. Patent No. 6,026,527 ("'527") issued to plaintiff. A true and correct copy of the '527 patent is attached hereto as **Exhibit F,** and hereby incorporated herein.

63. Defendants have been aware of these patents which had been marked on JanSport's products until recently.

64. In light of JanSport's termination of the license granted under the License Agreement, it no longer has a licensed right to make, use and/or sell products with cushions made from those aspects of the Gelastic® or GellyComb® technology that also are patented.

65. Since April 6, 2006, JanSport has infringed and actively induced infringement of at least one claim of these patents by making, using and/or selling in Utah, and elsewhere backpacks and waist packs with AirLift™ cushions that embody the patented inventions,

including selling such products to the other defendants who are known resellers of such products.

66. All Retailer Defendants, in addition to JanSport, likewise have infringed at least one claim of these patents by using and/or selling in Utah and elsewhere JanSport's products embodying the patented inventions.

67. JanSport has continued to infringe despite receiving demands that it cease or otherwise being advised that its conduct is illegal, and infringement will continue unless JanSport is enjoined by this Court.

68. JanSport has acted in willful and deliberate disregard of plaintiff's patents, and should all other Retailer Defendants continue hereafter to sell JanSport's infringing products they too will be acting in willful and deliberate disregard of plaintiff's patents, for which additional damages are recoverable from all defendants, as provided by 35 U.S.C. § 284, and attorney's fees, as provided by 35 U.S.C. § 285.

69. Plaintiff is entitled to recover from all defendants its monetary damages, in an amount not less than reasonable royalties, interest thereon, exemplary damages and attorney's fees, and plaintiff is entitled to injunctive relief as alleged above.

## **PRAYER**

WHEREFORE, plaintiff prays for the following relief:

1. For a monetary judgment to compensate plaintiff for its damages;

2. For contractual, or at least statutory, interest thereon;

3. For contractual, or at least statutory, costs, including attorneys' fees;

4. For exemplary and/or punitive damages;

5. For injunctive relief; and

6.   For such other relief as the Court deems necessary or appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable

DATED this 22nd day of June, 2007.

        BERMAN & SAVAGE, P.C.

        By _____
        E. Scott Savage
        Casey K. McGarvey
        Attorneys for EdiZONE, LC

Plaintiff's Address:
EdiZONE, LC
123 East 200 North
Alpine, Utah  84004