IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

Central Division for the District of Utah

| | |
|---|---|
| EDIZONE, LC, | **SCHEDULING ORDER** |
| **Plaintiff**, | **Case No.** 2:07-CV-415TC |
| vs. | **District Judge Tena Campbell** |
| JANSPORT, INC et al, | **Magistrate Judge Brooke C. Wells** |
| **Defendant**. | |

Pursuant to Fed. R. Civ. P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel. The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

## **ALL TIMES 4:30 PM UNLESS INDICATED**

1. **PRELIMINARY MATTERS**      **DATE**

   **Nature of claim(s) and any affirmative defenses:**

   | | | |
   |---|---|---|
   | a. | Was Rule 26(f)(1) Conference held? | _01/16/2008_ |
   | b. | Has Attorney Planning Meeting Form been submitted? | _01/29/2008_ |
   | c. | Was 26(a)(1) initial disclosure completed? | _02/13/2008_ |

2. **DISCOVERY LIMITATIONS**      **NUMBER**

   | | | |
   |---|---|---|
   | a. | Maximum Number of Depositions by Plaintiff(s) | _10_ |
   | b. | Maximum Number of Depositions by Defendant(s) | _10_ |
   | c. | Maximum Number of Hours for Each Deposition<br>(unless extended by agreement of parties) | _8_ |
   | d. | Maximum Interrogatories by any Party to any Party | _25_ |
   | e. | Maximum requests for admissions by any Party to any Party | _No limit_ |
   | f. | Maximum requests for production by any Party to any Party | _No limit_ |

|  |  | **DATE** |
|---|---|---|

**3. AMENDMENT OF PLEADINGS/ADDING PARTIES**[2]

    a.    Last Day to File Motion to Amend Pleadings    <u>*05/30/2008*</u>

    b.    Last Day to File Motion to Add Parties    <u>*05/30/2008*</u>

**4. RULE 26(a)(2) REPORTS FROM EXPERTS**[3]

    a.    Plaintiff    <u>*09/19/2008*</u>

    b.    Defendant    <u>*10/01/2008*</u>

    c.    Counter Reports    <u>*10/31/2008*</u>

**5. OTHER DEADLINES**

    a.    Discovery to be completed by:

            Fact discovery    <u>*09/01/2008*</u>

            Expert discovery    <u>*11/21/2008*</u>

    b.    *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e)

    c.    Deadline for filing dispositive or potentially dispositive motions    <u>*12/19/2008*</u>

**6. SETTLEMENT/ ALTERNATIVE DISPUTE RESOLUTION**

    a.    Referral to Court-Annexed Mediation

    b.    Referral to Court-Annexed Arbitration

    c.    Evaluate case for Settlement/ADR on

    d.    Settlement probability:

**7. TRIAL AND PREPARATION FOR TRIAL:**

    a.    Rule 26(a)(3) Pretrial Disclosures[4]

            Plaintiffs    03/27/2009

            Defendants    04/10/2009

    b.    Objections to Rule 26(a)(3) Disclosures
           (if different than 14 days provided in Rule)

|   |   |   |   | DATE |
|---|---|---|---|---|
| c. | **Special Attorney Conference**[5] **on or before** |   |   | 04/24/2009 |
| d. | **Settlement Conference**[6] **on or before** |   |   | 04/24/2009 |
| e. | **Final Pretrial Conference** |   | 3:00 p.m. | 05/12/2009 |
| f. | **Trial** | **Length** | **Time** | **Date** |
|   | i. Bench Trial |   |   |   |
|   | ii. Jury Trial | *Five days* | *8:30 a.m.* | *06/01/2009* |

8. **OTHER MATTERS:**

   **Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.**

Dated this 5 day of February, 2008.

BY THE COURT:

_____
**David Nuffer**
**U.S. Magistrate Judge**

1. The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately referred to that Magistrate Judge. A separate order may refer this case to a Magistrate Judge under DUCivR 72-2 (b) and 28 USC 636 (b)(1)(A) or DUCivR 72-2 (c) and 28 USC 636 (b)(1)(B). The name of any Magistrate Judge to whom the matter is referred under DUCivR 72-2 (b) or (c) should appear on the caption as required under DUCivR10-1(a).

2. Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

3. A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

4. Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

5. The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special

equipment or courtroom arrangement requirements will be included in the pre-trial order.

6.	Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

S:\IPT\2008\Edizone v. Jansport  207cv415TC  0205 tb.wpd