ELIZABETH T. DUNNING (#3896)
STEPHEN M. SANSOM (#10678)
HOLME ROBERTS AND OWEN LLP
299 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 521-5800
Facsimile: (801) 521-9639

Attorneys for Defendants
VF Outdoor, Inc., and
Recreational Equipment, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LC,<br><br>**Plaintiff,**<br><br>v.<br><br>JANSPORT, INC., V.F. CORPORATION, V.F. OUTDOOR, INC., and RECREATIONAL EQUIPMENT, INC.,<br><br>**Defendants.** | MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIMS<br><br>Case No. 2:07-CV-00415 CW<br><br>Hon. Clark Waddoups<br><br>[ORAL ARGUMENT REQUESTED] |

Pursuant to Fed. R. Civ. P. 56, defendants VF Outdoor, Inc. ("VFOI") and Recreation Equipment Inc. ("REI") (collectively "Defendants"), by their attorneys move the Court for an order awarding them summary judgment on the Second, Third, Fourth and Fifth Claims for Relief of the Complaint of EdiZone, LC ("EdiZone"). Based upon the undisputed facts submitted in connection with the parties' cross motions for partial summary judgment, Docket Nos. 45 and 50, and the Court's Memorandum and Decision on those cross motions, EdiZone's remaining claims fail.

#262527 v1 slc

The Second Claim for Relief alleges breach of the duty of good faith and fair dealing implied in every contract under Utah law. However, under Utah law such a claim must do more than allege breach of an express contract term. EdiZone's Second Claim for Relief is no more than a restatement of its breach of contract claim and therefore fails. Also under Utah law, a party may not use the implied duty of good faith and fair dealing to establish rights or duties to which the parties did not agree. The License Agreement between VFOI and EdiZone was fully performed and properly terminated by VFOI, and EdiZone may not impose obligations on VFOI not included in the contract.

The Third Claim for Relief alleges misappropriation of trade secrets. The License Agreement defines trade secrets as Gelastic and Gellycomb, EdiZone's elastomer gel and its design for a cushioning structure of hollow buckling columns in such gels. The Court has ruled in its Memorandum Decision that VFOI's alternative gel cushions does not use Gelastic or Gellycomb, so EdiZone's trade secret claim necessarily fails. It fails for the additional reasons that EdiZone has failed to identify any trade secret related to VFOI's alternative technology and has failed to identify any trade secret with the specificity required by Utah law.

The Fourth Claim for Relief alleges that VFOI converted EdiZone's technology rights. In order to state a claim for conversion, a plaintiff must offer evidence that it owns the chattel allegedly converted. In this case, the Court has already determined that the alternative technology used by VFOI after it terminated the License Agreement does not include any technology rights owned by EdiZone, and EdiZone's conversion claim therefore fails. It fails for the additional reason that, as this Court has ruled in another case, under Utah law intangible intellectual property cannot be converted.

The Fifth Claim for Relief alleges that VFOI's alternative technology infringes at least one claim of each of the patent issued for Gelastic and the two patents issued for Gellycomb. The Court determined in its Memorandum Decision that VFOI's alternative technology does not fall within the scope of Gelastic because it uses a polymer specifically and repeatedly disclaimed by EdiZone. For this reason, the patent claim as it relates to the Gelastic patent fails. The patent claim as it relates to the two Gellycomb patents fails because EdiZone has already litigated the scope of these two Gellycomb patents and is collaterally estopped from relitigating that issue in this case (*see* Order Granting Defendant's Motion for Summary Judgment, *Jakks Pacific, Inc. v. Imperial Toy Corp.,* (Case No. CV 05-3228, U.S. District Court for the Central District of California)). The *Jakks* court ruled that in order to come within the Gellycomb patents the gel cushion must consist of at least one part plasticizer to one part polymer by weight. It is undisputed that the ratio of plasticizer to polymer used by VFOI in its alternative technology is less than 1:1.

A Memorandum in Support is filed with this Motion.

Oral argument is requested.

Dated this 13th day of November, 2009.

/s/ Elizabeth T. Dunning
ELIZABETH T. DUNNING (#3896)
STEPHEN M. SANSOM (#10678)
HOLME ROBERTS AND OWEN LLP
299 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 521-5800
Facsimile: (801) 521-9639

*Attorneys for Defendants*
*VF Outdoor, Inc. and*
*Recreational Equipment, Inc.*

#262527 v1 slc