EDIZONE, LC
Casey K. McGarvey (4882)
123 East 200 North
Alpine, Utah 84004
Telephone: (801) 936-1039

Attorney for Plaintiff, EdiZONE, LC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LC, a Utah limited liability company,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JANSPORT, INC., a Delaware corporation, V. F. CORPORATION, a Pennsylvania corporation, dba JANSPORT, VF OUTDOOR, INC., a Delaware corporation, dba JANSPORT, and RECREATIONAL EQUIPMENT, INC., a Washington corporation, dba REI, and DOES 1-50,<br><br>　　　　　　　　　　　　　Defendants. | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR RELIEF FROM ORDER (Docket No. 67)**<br><br>Case No. 2:07CV415 CW<br><br>Judge Clark Waddoups<br>Magistrate Judge Brooke C. Wells<br><br>**[ORAL ARGUMENT REQUESTED]** |

　　　Pursuant to Rules 56(a) and 60(b) of the Federal Rule of Civil Procedure, Plaintiff, EdiZONE, LC ("EdiZONE"), hereby files its motion for partial summary judgment on its first claim for relief for breach of contract and for relief from the Court's October 1, 2009 Memorandum Decision and Order (Docket No. 67) (hereafter "Order").

　　　In its Order, the Court granted partial summary judgment against EdiZONE and in favor

of VF Outdoor, Inc. ("VFOI") on EdiZONE's breach of contract claim for relief.  In the instant motion, EdiZONE seeks summary judgment and relief from that Order because of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation, or misconduct by an opposing party; or (3) equity that allows EdiZONE, when moving for summary judgment, to rely upon information produced by VFOI and prevents EdiZONE from being prejudiced because VFOI's information is false.

VFOI made a mistake and engaged in misconduct by producing and relying upon an incorrect gel formula before this Court.  VFOI would not have obtained the Court's Order in its favor had it produced and suffered the consequences of producing its correct formula for the licensed gelatinous material it continues to use for its shoulder strap cushion after it terminated its licensed right to use that technology.  Upon the correct, and undisputable, facts as to the greater amount of plasticizing oil used to make the actual gelatinous cushion used by VFOI, there is no genuine issue of material fact, and EdiZONE is entitled to summary judgment as a matter of law on its first claim for relief for breach of contract by VFOI.  In light of the evidence of VFOI's reliance upon an erroneous formula that did not indicate the actual amount of plasticizing oil used to make VFOI's cushion, EdiZONE is at least entitled to relief from the Court's Order by having the Court vacate its Order granting summary judgment for VFOI which the Court entered in reliance upon VFOI's erroneous formula.

In addition, even if for some reason summary judgment is not granted for EdiZONE and against VFOI on the breach of contract claim for relief, EdiZONE still is entitled to relief from the Court's Order as a matter of law because of not only the evidence supporting the mistake of

fact discussed above but also because of a mistake of law pertaining to the Court's wrongful application of the doctrine of issue preclusion. Because of the undisputed facts upon which summary judgment is requested, the Court need not reach this additional issue of the wrongful application of this doctrine, but it is raised nevertheless out of an abundance of caution.

For either or both of the mistake of fact and mistake of law, the Order granting summary judgment for VFOI should be vacated and EdiZONE should be granted relief from that Order. For the mistake of fact, which correct fact now is undisputed, summary judgment also should be entered for EdiZONE on its breach of contract claim for relief. This motion is further supported by a memorandum of points and authorities filed concurrently herewith. EdiZONE, therefore, respectfully requests that the Court grant EdiZONE relief from the Court's Order and also grant summary judgment in favor of EdiZONE and against VFOI on EdiZONE's first claim for relief, and award such other and additional relief as may be warranted under the circumstances of VFOI's mistake and misconduct. Oral argument is requested.

DATED this 17th day of December, 2009.

EDIZONE, LC


 /s/ Casey K. McGarvey
Casey K. McGarvey
Attorney for EdiZONE, LC

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of December, 2009, I caused a true and correct copy of the within and foregoing **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR RELIEF FROM ORDER (Docket No. 67)** to be served by ECF/PACER electronic process upon the following:

    Elizabeth T. Dunning
    Holme Roberts & Owen LLP
    299 South Main Street Suite 1800
    Salt Lake City, Utah  84111

    Marcia H. Sundeen
    Kenyon & Kenyon LLP
    1500 K Street NW
    Washington DC 20005-1257
    *Attorneys for Defendants Jansport, Inc.*
    *VF Outdoor, Inc., Recreational Equipment, Inc.*

                                  /s/ Casey K. McGarvey